UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FILED

2009 JUL 22 PH 12: 02

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO. FLA.

CASE NO.:

6 : 09-CV-1271 -Or\ -18DA-B

GEORGE RICHARDSON,

      Plaintiff,

vs.

JINAL CORPORATION, a Florida corporation,

      Defendant.

_____/

## C O M P L A I N T
### (Injunctive Relief Demanded)

Plaintiff, GEORGE RICHARDSON, by and through his undersigned counsel, hereby sues

the Defendant, JINAL CORPORATION, a Florida corporation, for injunctive relief pursuant to the

Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.* (hereinafter, the "ADA") and the ADA's

Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG"), and alleges as follows:

### JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and

1343 for Plaintiff's claims arising under 42 U.S.C. §12181, *et seq.*, based upon Defendant's failure

to remove physical barriers to access and violations of Title III of the ADA (see also, 28 U.S.C.

§§2201 and 2202).

### PARTIES

2.    Plaintiff is a resident of the State of Florida and this judicial district, is sui juris, and

is disabled as defined by the ADA and substantially limited in performing one or more major life

activities, including but not limited to walking, standing, grabbing, grasping and pinching. Plaintiff

uses a wheelchair for mobility purposes.  Plaintiff's access to the Facility and/or his full and equal

enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered

therein was denied and/or limited because of these disabilities, and will be denied and/or limited in

the future unless and until Defendant is compelled to remove the physical barriers to access and

ADA violations which exist at the Facility, including those set forth in this Complaint.

3.      Plaintiff has suffered and continues to suffer direct and indirect injury as a result of

Defendant's actions or inaction described herein.

4.      Defendant transacts business in the State of Florida and within this judicial district.

Defendant is the owner, lessee, lessor and/or operator of the real property and improvements which

is the subject of this action, commonly referred to as: Super Fast Food Mart, located at or about 850

N. Courtenay Parkway, Merritt Island, Florida 32953 (hereinafter, the "Facility").

## FACTUAL ALLEGATIONS AND CLAIM

5.      On July 26, 1990, Congress enacted the Americans with Disabilities Act (hereinafter,

the "ADA"), 42 U.S.C. §12101, *et seq.*

6.      Congress found, among other things, that:

(i)      some 43,000,000 Americans have one or more physical or mental disabilities,
and this number is increasing as the population as a whole is growing older;

(ii)     historically, society has tended to isolate and segregate individuals with
disabilities, and, despite some improvements, such forms of discrimination
against individuals with disabilities continue to be a serious and pervasive
social problem;

(iii)    discrimination against individuals with disabilities persists in such critical
areas as employment, housing public accommodations, education,
transportation, communication, recreation, institutionalization, health
services, voting, and access to public services;

2

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

(v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

7.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

8.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. §12181; 28 C.F.R. §36.508(a).

9.    The Facility is a public accommodation and service establishment.

10.    Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the

requirements of the ADA. 29 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. §12181, *et seq.*, and 28 C.F.R. § 36.508(a).

11.     The Facility must be, but is not, in compliance with the ADA and ADAAG.

12.     Plaintiff has attempted to and has, to the extent possible, accessed the Facility, but could not do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that preclude and/or limit his access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

13.     Plaintiff intends to visit the Facility again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at this facility, including utilizing parking and restroom facilities, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the property that preclude and/or limit his access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

14.     Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C. § 12182, *et seq.*, and by failing to remove architectural barriers as required by 42 U.S.C. §12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein,

4

and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

15.    Defendant has discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, include:

a.     Parking signage is mounted too low so that it is obscured by parked vehicles. ADAAG 4.6.4.

b.     Signage for the restroom is improperly mounted and lacks the requisite pictogram of the wheelchair or Braille. ADAAG 4.30.

c.     The door into the restroom swings into the maneuvering clearances and is too narrow. ADAAG 4.13 and 4.22.

d.     Within the restroom, the stall door and partition block the maneuvering clearances to enable an individual who uses a wheelchair from approaching the commode. ADAAG 4.16.

e.     The commode has only one grab bar, rather than the required two. ADAAG 4.16.

f.     The flush on the commode is not on the wide side. ADAAG 4.16.

g.     The mirror is mounted above 40 inches. ADAAG 4.19.

h.     The lavatory lacks insulated or protected pipes. ADAAG 4.19.

i.     The newly installed card reader at the pump is above 54 inches. ADAAG 4.2.

j.     Window washers are mounted at heights so as not to be reachable by an individual who uses a wheelchair. ADAAG 4.2.

5

k.     The ATM lacks Braille instructions.  ADAAG 4.34.

l.     No accessible work surface is available at the Lottery.  ADAAG 7.2.

m.    Lottery tickets are mounted above the ATM and are not reachable.  ADAAG 4.2.

n.     No lowered section is available at the cash register.  ADAAG 7.2.

o.     The coin slot for the vacuum is beyond reach parameters.  ADAAG 4.2.

16.    The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility.  Plaintiff requires an inspection of the Facility in order to determine all of the discriminatory acts violating the ADA.

17.    Plaintiff has attempted to gain access to the Facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs and activities of the Facility, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future by Defendant because of Plaintiff's disability, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

18.    The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense.  42 U.S.C. §12182(b)(2)(A)(iv); 42 U.S.C. §12181(9); 28 C.F.R. § 36.304.

19.    Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

6

20.     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorneys' fees, costs and expenses from Defendant pursuant to 42 U.S.C. §§ 12205 and 12117.

21.     Plaintiff has been obligated to retain an expert witness for the filing and prosecution of this action, and have agreed to pay said expert reasonable expert's fees and costs from Defendant pursuant to 42 U.S.C. §§ 12205, 12117 and 42 U.S.C. §1988.

22.     Pursuant to 42 U.S.C. §12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff the reasonable attorneys' fees, expert fees, costs and expenses incurred in this action.

7

Respectfully submitted,

WHITELOCK & ASSOCIATES, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Phone No.:  (954) 463-2001
Facsimile No.: (954) 463-0410
Counsel for Plaintiff

CHRISTOPHER J. WHITELOCK
Florida Bar No.: 0067539

8